# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| J.D. FIELDS & CO., INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4186 |
| | § | |
| SHORING ENGINEERS, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff J.D. Fields and Company, Inc.'s ("J.D. Fields") motion to remand. Dkt. 4. Defendant Shoring Engineers ("Shoring") responded. Dkt. 10. J.D. Fields replied. Dkt. 11. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion to remand (Dkt. 4) should be DENIED.

### I. BACKGROUND

In September 2018, J.D. Fields sued Shoring for breach of contract in the 269th Judicial District Court of Harris County, Texas. Dkt. 1-1 at 2. Shoring removed the case to this court, also located in Harris County, on diversity grounds. Dkt. 1; 28 U.S.C. § 1332. J.D. Fields now moves to remand the case, arguing that the forum-selection clause in J.D. Fields's General Terms and Conditions of Sale prohibits removal. Dkt. 4. The forum-selection clause reads:

> 2.1 CHOICE OF FORUM
>
> All actions or proceedings either directly or indirectly arising from or related to this contract or transaction, regardless of whether grounded in contract, tort, or any other legal theory, shall be brought only in State or Federal Court in Harris County in the State of Texas, and Buyer hereby consents and submits to the exclusive jurisdiction and venue of such courts for the purpose of such actions or proceedings.

Dkt. 4-5 at 3. Although the forum-selection clause allows suit to be brought in this court, J.D. Fields argues that the clause waives Shoring's right to remove because Shoring consented to jurisdiction and venue in Harris County state court. Dkt. 4.

## II. LEGAL STANDARD

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* Therefore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. ANALYSIS

As a threshold matter, the parties disagree about whether the forum-selection clause became part of a contract between the parties. Dkt. 4 at 3–4; Dkt. 10 at 11. However, assuming *arguendo* that the forum-selection clause is part of a valid contract, the clause still does not prohibit removal.

In order to prevent removal, a contractual clause must contain a "'clear and unequivocal' waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., LLC*, 847 F.3d 255, 257–58 (5th Cir. 2017) (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Id.* A forum-selection clause may waive a party's removal rights in three ways: (1) by explicitly stating that it is doing so; (2) by allowing the other party the right to choose venue; or (3) by establishing an exclusive venue within the contract. *Id.*

Here, the forum-selection clause does not meet the first criterion because it does not explicitly state that it waives removal rights. Dkt. 4-5 at 3. Additionally, the clause does not meet the third criterion because it provides that exclusive venue may be in *either* state or federal court in Harris County. *Id.* Thus, in order to prevent removal, the clause must meet the second criterion by giving J.D. Fields the sole right to choose venue. J.D. Fields argues that it has this right because Shoring consented to venue in both state and federal court in Harris County, thereby waiving any objection to venue in Harris County state court. Dkt. 4 at 5–8.

J.D. Fields relies on *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 F. App'x 832, 836 (5th Cir. 2004). In *GP Plastics Corp.*, the plaintiff sued the defendant in Texas state court and the defendant removed to federal court. *Id.* at 834. The court remanded, holding that the following forum-selection clause waived the defendant's removal rights:

> The state or federal court of Texas *selected by [Plaintiff]* shall have jurisdiction over any complaint or counterclaim brought by [Plaintiff] against [Defendant]. Venue in such cases shall be the Texas State Court located in [Plaintiff's] county or the Texas federal court closest to [Plaintiff's] Texas business address.

*Id.* at 833–34 (emphasis added). Because the clause expressly provided that the plaintiff had the right to select the forum, the court held that the clause waived the defendant's right to remove from the selected forum. *Id.* at 836; *accord Mosing v. Zloop, Inc.*, No. H-15-136, 2015 WL 1841212, at *2 (S.D. Tex. Apr. 22, 2015) (Miller, J.) (holding that a forum selection clause gave the plaintiff the right to choose venue when the clause required the defendant to submit to venue "at the request of the other party"). Here, however, the forum-selection clause merely provides that any legal challenge "shall be brought only in State or Federal Court in Harris County" and does not expressly give either party the right of selection. Dkt. 4-5 at 3.

3

J.D. Fields also relies on *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796 (5th Cir. 2001), and *Whitaker v. Vista Staffing Solutions, Inc.*, No. H-17-0876, 2017 WL 2983040 (S.D. Tex. July 12, 2017) (Rosenthal, J.). Like *GP Plastics Corp.*, both of these cases resulted in remand based on forum-selection clauses. *Waters*, 252 F.3d at 797–798; *Whitaker*, 2017 WL 2983040, at *3. However, the forum-selection clauses in both *Waters* and *Whitaker* contain express waivers of the right to challenge or object to "any" of the identified venues. *Waters*, 252 F.3d at 797 ("Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any suit, action[,] or legal proceeding and (iii) *waives any objection* it may have to the laying of venue of any suit, action[,] or legal proceeding in any of such courts.") (emphasis added); *Whitaker*, 2017 WL 2983040, at *3 ("Each party (a) submits to the jurisdiction of any state or federal court sitting in Houston, Texas . . . (b) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court, [and] (c) *waives any claim* of inconvenient forum or other challenge to venue in such court . . .") (emphasis added). In both cases, the defendants' consent to jurisdiction "and the waiver of 'any objection' to venue, taken together, created a clear and unequivocal waiver of removal rights." *Whitaker*, 2017 WL 2983040, at *2.

Here, the forum-selection clause does establish Shoring's consent to jurisdiction in state court. Dkt 4-5 at 3 ("[Shoring] hereby consents and submits to the exclusive jurisdiction and venue of such courts for the purpose of such actions or proceedings."). However, unlike the clauses in *Waters* and *Whitaker*, the clause here does not waive "any objection" to venue in the consented-to courts. *See id.* It is this waiver that creates the "first-mover advantage" that allows plaintiffs to choose venue. *Whitaker*, 2017 WL 2983040, at *3 ("[H]ere, the parties' mutual agreement to waive jurisdiction and venue objections creates a first-mover advantage . . .").

4

The forum-selection clause here is most similar to the clause in *Collin County v. Siemens Business Services, Inc.*, 250 Fed. App'x 45 (5th Cir. 2007). In *Siemens*, the parties agreed that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas." *Id.* at 47. The court held that the clause prevented removal, but only because there were no federal courts in Collin County:

> This would likely be a different case if, for example, there had been a federal courthouse in Collin County . . . Here, however, there was not, and never had been, a functioning federal courthouse, and no federal district court was then sitting or had ever sat, in Collin County at the time [of removal].

*Id.* at 54. Here, the parties consented to venue in both state and federal court in Harris County. Dkt. 4-5 at 3. However, unlike Collin County, Harris County has a federal district court. Thus, the court reads the clause to grant J.D. Fields "the right to file lawsuits in the most geographically[] convenient forum." *GP Plastics Corp.*, 108 Fed. App'x at 836. Because the clause does not go further by specifying which party may select venue, the court cannot conclude that the clause is a "clear and unequivocal" waiver of removal rights. *See id.*

Further, the clause is at best ambiguous, and "forum-selection clauses are interpreted *contra proferentem*: when presented with two reasonable, but conflicting, interpretations of a contract provision, we adopt the interpretation less favorable to the drafter." *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 402 (5th Cir. 2008). Thus, even if the forum-selection clause could be reasonably interpreted as a waiver of removal rights, the ambiguity should be construed against J.D. Fields as the drafter of the provision. *Id.*; Dkt. 4 at 3. Moreover, the existence of such ambiguity further proves that the provision is not a "clear and unequivocal" waiver. *New Orleans*, 376 F.3d at 505–06. Thus, under basic contract law principles, the clause does not prevent remand.

5

## IV. Conclusion

J.D. Fields's motion to remand (Dkt. 4) is DENIED.  J.D. Fields's request for attorney's fees (Dkt. 4 at 8–9) is DENIED.  J.D. Fields's request for a hearing (Dkt. 4-9) is DENIED AS MOOT.

Signed at Houston, Texas on January 17, 2019.

---
Gray H. Miller
Senior United States District Judge